IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JUANITA BROADAWAY<br>             Petitioner, | * | |
| | * | |
| v. | | CIVIL ACTION NO. WDQ-07-945 |
| | * | |
| JON P. WILT, WARDEN, et al.,<br>             Respondents. | * | |

******

**MEMORANDUM**

On April 9, 2007, Juanita Broadaway filed the above-captioned habeas corpus petition seeking to vacate her 2002 convictions and sentences in the Circuit Court for Baltimore City.[1] The Court has received Respondents' response to the Petition.[2] Paper No. 3. After due consideration of the pleadings and exhibits, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. § 2254(d) & (e)(2). For the reasons that follow, the Petition will be denied and dismissed as time-barred.

**Procedural History**

Petitioner seeks to challenge her April 11, 2002, convictions in the Circuit Court for Baltimore City for second-degree murder and use of a handgun in the commission of a crime of violence.[3] Paper No. 3, Exhibits 1 and 4. Petitioner appealed her convictions to the Court of Special Appeals of Maryland, but dismissed the appeal on August 5, 2003. *Id.*, Exhibits 2 and 3. Her

---

[1]   The Petition was signed on April 9, 2007 and received by the Clerk on April 11, 2007. For purposes of assessing the timeliness of the Petition under 28 U.S.C. § 2244(d)(1)-(2) (1996), it is deemed filed on the date it was signed and presumably delivered to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266 (1988)*; United States v. Dorsey*, 988 F.Supp. 917, 919-920 (D. Md. 1998).

[2]   Petitioner has chosen not to reply to the Response. *See* Paper No. 4.

[3]   Petitioner was sentenced to thirty years for second-degree murder and a concurrent twenty years incarceration, the first five years to be served without parole, for the handgun conviction. *Id.*, Exhibit 1and and 4 Paper No. 1.

convictions became final at the time the appeal was dismissed, on August 5, 2003. *See* 28 U.S.C. § 2244(d)(1)(A); *see also Wade v. Robinson*, 327 F.3d 328, 330-333 (4th Cir. 2003).

On August 12, 2004, Petitioner initiated post-conviction proceedings in the Circuit Court for Baltimore City alleging two grounds of ineffective assistance of trial counsel. Paper No. 3, Exhibits 1, 4 and 5. Relief was denied on April 21, 2005. *Id.*, Exhibits 1 and 5. Petitioner did not seek leave to appeal the denial of post-conviction relief.[4] *Id.*, Exhibits 1 and 6.

On August 10, 2006, Petitioner through counsel sought to reopen state post-conviction proceedings "for the sole purpose of requesting that the Court's Memorandum Opinion and Order be re-dated and re-filed with the Clerk's Office to allow Petitioner her procedural due process right to file a timely pro se Application for Leave to Appeal." Paper No. 3, Exhibit 6 at 1. The motion was denied on November 16, 2006, but Petitioner was granted the right to file a belated application for leave to appeal the previous post-conviction ruling. *Id.*, Exhibits 1 and 7. The application for leave to appeal was summarily denied by the Court of Special Appeals of Maryland on March 12, 2007.[5] *Id.*, Exhibit 9.

## Legal Analysis

In an effort to curb lengthy delays in filing federal habeas corpus petitions, Congress passed the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, substantively modifying the scope and context of federal habeas corpus review of challenges to state court convictions. Among the changes made by this law was the addition of a one-year statute of limitations in non-

---

[4] Post-conviction proceedings thus became final on May 23, 2005, when the time for seeking leave to appeal expired. *See* Md. Code Ann., Crim. Proc. Art., § 7=109 (2005 Repl. Vol.) (Leave to appeal ruling of post-conviction decision must be filed within thirty days of court order); *see also* Md. Rule 8-204(a).

[5] The mandate issued on April 11, 2007. *Id.*

capital cases for persons convicted in a state court. *See* 28 U.S.C. §2244(d);[6] *see also Harris v. Hutchinson*, 209 F.3d 324, 328 (4th Cir. 2000).

Petitioner's state court proceedings became final on August 5, 2003. She did not initiate state post-conviction relief until August 12, 2004, one week after the one-year limitations period had expired. She presents no explanation as to why she failed to meet the deadline and presents no reason why the one-year limitations period should be equitably tolled.

The Petition is time-barred. It shall be dismissed by way of a separately filed Order.

| | |
|---|---|
| August 29, 2007 | /s/ |
| Date | William D. Quarles, Jr. |
| | United States District Judge |

---

[6]  This section provides:

>  (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>  (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B)  the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>  (2)  the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.